**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SIMON PROPERTY GROUP, L.P., SIMON PROPERTY GROUP ADMINISTRATIVE SERVICES PARTNERSHIP, L.P., *Plaintiff* | § § § § § | Case No.  SA-25-MC-01773-XR |
| v. | § § | |
| MICHELLE SMART, *Defendant* | § § § | |

## <u>ORDER</u>

On this date, the Court considered Tanger Inc., Michelle Smart, and Leslie Swanson's Motion to Transfer or to Quash Subpoena or for a Protective Order (ECF No. 1).  After careful consideration, the Motion is **GRANTED.**  The subpoena duces tecum is **QUASHED.**

In September 2024, Plaintiff Simon Property Group ("Simon") sued Michelle Smart and Tanger Inc. in the Southern District of Indiana, claiming misappropriation of trade secrets.  *Simon Prop. Group, L.P. et al v. Smart et al*, 1:24-cv-01562-RLY-MKK (the "Underlying Suit").  In October 2025, the Southern District of Indiana granted partial judgment on the pleadings, dismissing Tanger as a defendant.  Underlying Suit, ECF No. 159.  Shortly after, on November 21, 2025, the court extended the deadline to complete discovery to December 22, 2025. Underlying Suit, ECF No. 192.

Also on November 21, 2025, Simon emailed Tanger's counsel seven subpoenas for depositions of Tanger and its employees.  ECF No. 1 at 30.  One of those subpoenas—the one at issue here—was for a deposition of Leslie Swanson to take place in San Antonio.  *Id.* at 33, 38. Swanson is Tanger's Chief Operations Officer.  *Id.* at 115.

Simon has deposed Smart and her direct supervisor at Tanger, Bibbit Mason. *Id.* at 19. Mason is Tanger's Senior Vice President of Leasing. *Id.* Mason was deposed both in her individual capacity and as Tanger's Rule 30(b)(6) designee. *Id.*; *see* FED. R. CIV. P. 30(b)(6). Further, Tanger was a defendant in this lawsuit for over a year and participated in extensive discovery in that capacity. ECF No. 1 at 16. Yet during that time Simon did not seek depositions from Tanger, Swanson, or anyone else at Tanger. *Id.* at 3.

On December 17, 2025, Tanger filed this Motion to Transfer or to Quash Subpoena and for a Protective Order. The subpoena must be quashed for at least two reasons.

First, Simon failed to tender required witnesses' fees and milage for the deposition. And "a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena." *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003); *see also AM RE Syndicate, Inc. v. Gen. Ins. Corp. of India*, No. 1:22-CV-01028-VEC, 2022 WL 3108817, at *2–3 (W.D. Tex. Aug. 4, 2022) (quashing a subpoena for failure to tender witness and milage fees.); FED. R. CIV. P. 45(b)(1).

Second, the subpoena imposes an undue burden. "Under Rule 45, a court must modify or quash a subpoena that subjects a person to undue burden." *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citing FED. R. CIV. P. 45(d)(30(A)(iv)). To determine whether a subpoena imposes an undue burden, courts in in the Fifth Circuit weigh several factors: "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (alteration in original) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). "Moreover,

2

where a subpoena requests information from a nonparty, as it does here, the court must be sensitive to the nonparty's compliance costs." *Id.* (same).

To avoid imposing any undue burden or expense on the person or entity subject to the subpoena, courts apply the same relevance and proportionality limitations encompassed by Rule 26 to motions to quash in the context of Rule 45. *See, e.g., MetroPCS v. Thomas*, No. 3:18-MC-29-K-BN, 2018 WL 2933673, at *9 (N.D. Tex. June 12, 2018); *Whitley v. Pinnacle Entm't, Inc.*, No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at *2 (M.D. La. Oct. 21, 2016). Rule 26 generally limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Further, under Rule 26(b)(2)(C)(i) and (ii),

[a] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or]

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]

Here, Simon seeks information that is redundant of what should have been addressed in the deposition of Tanger's Rule 30(b)(6) representative. And Simon "had ample opportunity" to obtain the information it seeks when Tanger was a party to the Underlying Suit. So Simon has no clear need for this deposition. *See, e.g.*, *Vancleave v. Linquist*, No. 4:23-CV-797-KPJ, 2024 WL 3834385, at *3 (E.D. Tex. Aug. 14, 2024) ("[T]he 'duplicative' and 'cumulative' nature of the Subpoena militates against a finding that Defendants need the information requested.").

Certain other factors suggest that the burden on Tanger is significant. Simon did not confer with Tanger's counsel regarding a reasonable date and place for the deposition. And he did not

3

provide timely notice to all parties to the Underlying Litigation as required by the Southern District of Indiana's local rules.  S.D. Ind. Local Rule 45-1; *see* FED. R. CIV. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

For the foregoing reasons, the Motion to Quash and for a Protective Order (ECF No. 1) is **GRANTED**.  Simon's subpoena to depose Leslie Swanson is here **QUASHED** in its entirety.

It is further **ORDERED** that this cause of action is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 18th day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4